QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
  David A. Perlson (Bar No. 209502)
   davidperlson@quinnemanuel.com
  Jennifer A. Kash (Bar No. 203679)
   jenniferkash@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant Google Inc. and AOL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE PRICING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE INC. and AOL LLC, <br><br> Defendants. | CASE NO.:CV 09-6283 MMM (CTx) <br><br> **DISCOVERY MATTER** <br><br> **[PUBLIC REDACTED] SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION BY THIRD PARTIES NEAL COHEN AND VISTA IP LAW GROUP, LLP** <br><br> Crtrm.: Roybal- 780 <br> Judge: Margaret M. Morrow <br> Hrg. Date: September 21, 2009 <br> Hrg. Time: 9:30 a.m. |

## Introduction

Cohen's portion of the Joint Stipulation only confirms why Defendants' motion to compel should be granted. It is plain there were no excusable "errors" as Cohen now claims that justify his evolving claims of privilege and work product protection. Instead, Cohen and his counsel's tardy assertions of attorney-client privilege are at best gross recklessness in preparing his log, but more likely an attempt to re-engineer his privilege log in response to Defendants' legitimate objections to his improper claims of work product protection. Either way, the Court should find that Cohen has waived privilege for all of the documents at issue.

## Argument

### I. COHEN'S GAMESMANSHIP WARRANTS FINDING THAT HE WAIVED PRIVILEGE.

Contrary to Cohen's assertions, Defendants do not ask the Court to enforce a *per se* rule in assessing waiver of privilege. (Joint Stip., 11.) Instead, Defendants request that the Court find that Cohen has waived privilege due to his repeated and prolonged gamesmanship.

The record is clear. Cohen asserted work product protection for months regarding documents that were not entitled to that protection. (Joint Stip., 2-3.) Defendants repeatedly objected to Cohen's improper claims of work product protection. (*Id.*) In his fifth and sixth privilege logs, Cohen finally removed his improper claims of work product protection. (*Id.* at 3.) In response to Defendants' objections to his claims of work product protection, Cohen belatedly asserted or re-asserted attorney-client privilege in an attempt to avoid producing documents. (*Id.* at 2-3, 8-9.)

Cohen now alleges—for the first time—that any failures to assert attorney-client privilege were due to "error," rather than a conscious decision regarding which privileges or protections to assert. (*Id.* at 5, 13-14.) But during the parties' meet and confer process Cohen's counsel never alleged that the failures to assert

attorney-client privilege were due to error. Instead, the record supports that Cohen's belated assertions of attorney-client privilege are a clear attempt to re-engineer his privilege log, in order to avoid production of documents that were not entitled to work product protection. Indeed, for the majority of the documents at issue, Cohen chose to assert or re-assert attorney-client privilege at the same time he withdrew his improper assertions of work product protection. (*Id.* at 8-9.) Cohen's late attempts to claim attorney-client privilege are nothing more than the "kind of gamesmanship that courts discourage in discovery." *In re Honeywell Intern., Inc. Sec. Litig.*, 230 F.R.D. 293, 300 (S.D.N.Y. 2003). Cohen should not be allowed to succeed in these efforts.

Cohen's claims of error also do not square with his explanations of his other revisions to the privilege logs. For example, he states that in preparing his third privilege log, "each entry was reviewed to check for errors." (Joint Stip., 5.) But, it was in the third privilege log that Cohen <u>removed</u> his claims of attorney-client privilege for many of the documents at issue, only to then re-assert attorney-client privilege for these same documents in his fourth and fifth privilege logs. (*Id.* at 8-9.) In other words, Cohen seems to be telling the Court that it was the process for checking for errors in his third log that resulted in the errors that were corrected in his fourth and fifth logs. This does not pass the straight face test.

## II. <u>COHEN'S PRIVILEGE LOGS DID NOT ENABLE DEFENDANTS AND THE COURT TO EVALUATE THE CLAIM OF PRIVILEGE.</u>

Cohen asserts that the Cohen log "enables 'the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged.'" (Joint Stip., 12 (citing *Burlington Northern & Santa Fe Ry. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005)).) Not so. Defendants could not be aware what Cohen was asserting given the multiple documents for which Cohen either failed to raise attorney-client privilege, or flip-flopped on his assertions of attorney-client

privilege and work product over the course of the many logs he provided, much less on the first one he provided.

### III. TIMING WEIGHS AGAINST COHEN, WHERE HE KNEW SINCE THE FIRST LOG THAT DEFENDANTS DISAGREED WITH HIS ASSERTIONS OF WORK PRODUCT PROTECTION.

Cohen argues that "the timeliness of the objection and the accompanying information weigh against waiver." (Joint Stip., 12 (citing *Burlington Northern*, 408 F.3d at 1149.) But just the opposite is true. Cohen's objections were anything but timely. Over the course of several months, Cohen served multiple privilege logs continuing to improperly assert work product protection. Cohen only began asserting, or re-asserting, attorney-client privilege for the documents-at-issue after Defendants' repeated objections to these improper work product assertions. (*Id.* at 2, 8-9.) In no way does this provide a "a good-faith and timely correction of the privilege log" as Plaintiff asserts. (Joint Stip., 13.)

### IV. THE SIZE OF THE PRODUCTION DOES NOT WEIGH AGAINST A FINDING OF WAIVER.

Cohen argues that "the magnitude of the document production" weighs against finding waiver. (Joint Stip., 15 (citing *Burlington Northern*, 408 F.3d at 1149.) But this is not the case of an honest mistake made in a log that was promptly corrected in the next log. Instead, Cohen's constantly evolving logs show a pattern of deliberate gamesmanship, or at best, reckless sloppiness.

### V. WAYNE LIN WAS AWARE, OR SHOULD HAVE BEEN AWARE, THAT COHEN WAS WAIVING PRIVILEGE

Cohen also argues that there should be no waiver because "the holder of the privilege at issue is the client, Mr. Lin, and not Mr. Cohen". (Joint Stip., 15.) But Cohen, and his counsel, omit that his counsel, Dovel & Luner, in addition to representing the Plaintiff, also <u>represents Mr. Lin in connection with this matter.</u>

**REDACTED**

Any argument that Lin is an innocent bystander to this conduct is disingenuous at best.

## VI. DEFENDANTS DO NOT OBJECT TO ANY CLAIMS OF WORK PRODUCT PROTECTION BECAUSE COHEN REMOVED ALL BUT ONE CLAIM

Cohen also argues that "Defendants do not challenge any of the work product designations in the Cohen privilege log." (Joint Stip., 6.) This argument makes no sense. Defendants do not challenge any of Cohen's work product designations <u>because he already removed them from his privilege log</u> for all but one document. (*Id.* at 3.)

### Conclusion

For all of the foregoing reasons and all of the reasons presented in the Joint Stipulation, Defendants' motion to compel should be granted in its entirety.

DATED: September 4, 2009      Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Emily C. O'Brien
   Emily C. O'Brien

Attorneys for Defendants AOL LLC and Google Inc.