```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
                         CIVIL MINUTES--GENERAL
```

**Case No.:** CV 09-6283-FMC(CTx)          **Date:** Sept. 18, 2009

**Title:** PERFORMANCE PRICING, INC. v. GOOGLE INC., et al.
===================================================================
**DOCKET ENTRY:**
===================================================================
**PRESENT:**       Hon. **CAROLYN TURCHIN**, **MAGISTRATE JUDGE**

   Deborah Malone                   _____
   Deputy Clerk                       Court Reporter

   ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
         None present                              None present

**PROCEEDINGS:**   (ORDER: (1) REMITTING DEFENDANT GOOGLE INC. AND AOL
                   LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY
                   THIRD PARTIES FOR DECISION TO THE UNITED STATES
                   DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS; AND
                   (2) REQUIRING FURTHER ACTION BY THE LITIGANTS)

## BACKGROUND

On September 27, 2007, Performance Pricing, Inc., ("plaintiff") initiated a patent infringement action in the United States District Court for the Eastern District of Texas (the "Texas action") against defendants and other parties who have since been dismissed. Plaintiff claims to hold the license for a patent invented by Mr. Wayne Lin, and essentially contends that defendants repeatedly infringed this patent.

The Texas action is captioned <u>Performance Pricing, Inc. v. Google, Inc., et al.</u>, Case No. 2:07-cv-432-LED-JDL (the "Texas action"). On November 26, 2007, the Texas action was assigned to Magistrate Judge John D. Love for all pretrial matters. The discovery deadline is November 13, 2009.

Neal Cohen, the non-party from whom defendants seek to compel documents, is an attorney with Vista IP Law Group, a firm located in Orange County, California, (collectively "Cohen"). Cohen was retained by Mr. Lin to prosecute the relevant patent. He does not represent the plaintiff in the Texas action and is not a party to that case, however he is represented in this discovery dispute by the counsel who represent plaintiff in the Texas action.

On October 22, 2008, defendants served two subpoenas duces tecum on Mr. Cohen and Vista, issued in accordance with Fed. R. Civ. Proc. 45. Defendants essentially argue that the attorney-client privilege asserted as to documents on a privilege log ultimately provided by Cohen has been waived.

Dockets.Justia.com

## DISCUSSION

In general, a discovery dispute relating to a Rule 45 subpoena is to be resolved by the issuing court. While the issuing court has an interest in enforcing its own subpoena, at its core this is primarily intended to avoid inconvenience to the subpoenaed non-party. See Fed. R. Civ. Proc. 45, Advisory Committee Notes, 1991 Amendment; David D. Siegel, Practice Commentaries, Fed. R. Civ. Proc. 45.

Nonetheless, the overarching principle in interpreting the Federal Rules of Civil Procedure is that they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action". See Fed. R. Civ. Proc. 1. Accordingly, a court may transfer a dispute concerning a Rule 45 subpoena to the court presiding over the litigation, if the circumstances warrant. See, e.g., In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir.1991) (finding that court that issued deposition subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending, in its discretion and pursuant to Rule 26(c)); Petersen v. Douglas County Bank & Trust Co., 940 F.2d 1389, 1391 (10th Cir.1991) (stating that a transfer of discovery matters to court handling underlying case was "not improper simply because the transferred matter involved a motion to quash under Rule 45").

The magistrate judge has conferred with Judge Love in the Texas action, and finds that the circumstances warrant such a transfer here. Mr. Lin, the holder of the privilege, is not before this court, and his licensee elected to file suit in the Eastern District of Texas. Counsel for Cohen in this dispute also represent plaintiff in the Texas action. Counsel for defendant are not located in the Central District of California. Judge Love has managed this case virtually since its inception and has ruled on multiple motions. He is very familiar with the case, and is in a position, therefore, to make a just and speedy determination of this dispute. Judge Love has agreed to hear this dispute and, furthermore, is willing to conduct the hearing by teleconference in order to mitigate inconvenience and expense to the litigants.

Accordingly, after conference with Judge Love, the court **ORDERS** as follows:

1. This motion is remitted to the United States District Court for the Eastern District of Texas in Case No. 2:07-cv-432-LED-JDL.

2. The litigants to this motion are to file their motion papers forthwith in the Texas action, in Case No. 2:07-cv-432-LED-JDL.

3. On or before September 23, 2009, the litigants shall contact Judge Love's assistant at (903) 590-1164, in order

to schedule a telephonic hearing in this matter.

4. The clerk of this court shall serve a copy of this order by email and facsimile on counsel forthwith.

**IT IS SO ORDERED.**

cc: Judge Cooper

Judge John D. Love
211 W. Ferguson, Room 210
Tyler, Texas 75702

Christin Kyungsik Cho, Esq.
Gregory S. Dovel, Esq.
Dovel & Luner, LLP
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

David A. Perlson, Esq.
Charles K. Verhoeven, Esq.
Jennifer A. Kash, Esq.
Emily C. O'Brien, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111